

1  Jeffrey L. Fillerup, State Bar No. 120543
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
3  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
4  E-mail: jfillerup@luce.com

5  Attorneys for Defendants
   Cottman Transmission Systems, LLC,
6  and American Driveline Systems, Inc.

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  JOSEPH BENCHARSKY, an individual;          Case No.    CV 08 3402
    KUND, LLC, a California Limited Liability
13  Company; JOSEPH REGO, an individual;
    REMACH CHAPLET, INC., California           **NOTICE OF REMOVAL**
14  Corporation,
                                               **[28 USC § 1441]**
15
              Plaintiffs,
16
    v.
17
    COTTMAN TRANSMISSION SYSTEMS,
18  LLC, a Delaware Limited Liability Company;
    AMERICAN DRIVELINE SYSTEMS, INC.,
19  a Delaware corporation,

20            Defendants.

21

22       TO: THE CLERK OF THE ABOVE-ENTITLED COURT

23       PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1441 and related provisions,

24  Defendants Cottman Transmission Systems, LLC and American Driveline Systems, Inc., hereby

25  remove to this Court the State Court Action described below.

26       1.       On June 25, 2008 an action was commenced in the Superior Court for the State of

27  California, County of Marin, entitled JOSEPH BENCHARSKY, KUND, LLC, JOSEPH REGO,

28  and REMACH CHAPLET, INC., PLAINTIFFS  V.  COTTMAN TRANSMISSION SYSTEMS,

                                    1
                                                          NOTICE OF REMOVAL

1 | LLC, AMERICAN DRIVELINE SYSTEMS, INC. and DOES 1 to 50, inclusive, Case No. CV

2 | 083094 (the "State Court Action"). A complete copy of the Complaint in the State Court Action is

3 | attached hereto as Exhibit "A."

4 |     2.    The Defendants in the State Court Action are COTTMAN TRANSMISSION

5 | SYSTEMS, LLC and AMERICAN DRIVELINE SYSTEMS, INC. (collectively "Defendants").

6 | The first date upon which Defendants received a copy of the said Complaint was sometime after

7 | June 25, 2008.

8 |     3.    Defendants are informed and believe that Plaintiff Kund, LLC, was, and still is, a

9 | citizen of the State of California.   (See Complaint (attached as Exhibit "A") at par. 8).

10 | Defendants are informed and believe that Plaintiff Joseph Bencharsky was, and still is, a citizen of

11 | the State of California.

12 |     4.    Defendants are informed and believe that Plaintiff Chaplet Corporation, was, and

13 | still is, a citizen of the State of California.  (See Complaint (attached as Exhibit "A") at par. 9).

14 | Defendants are informed and believe that Plaintiff Joseph Rego was, and still is, a citizen of the

15 | State of California.

16 |     5.    Defendants COTTMAN TRANSMISSION SYSTEMS, LLC and AMERICAN

17 | DRIVELINE SYSTEMS, INC., were, at the time of filing the State Court Action, and still are,

18 | citizens of the Commonwealth of Pennsylvania.

19 |     6.    In the Plaintiffs' Complaint (Exhibit "A"), Plaintiffs assert causes of action against

20 | both Defendants for: Breach of Written Contracts (First Cause of Action), Fraud (Second Cause of

21 | Action), Negligent Misrepresentation (Third Cause of Action), Violation of the California

22 | Franchise Investment Law (Fourth Cause of Action), and Unfair Trade Practices and Violation of

23 | Business and Professions Code Section 17200 (Seventh Cause of Action).

24 |     7.    In the Plaintiffs' Complaint, Plaintiffs assert a cause of action against Defendant

25 | American Driveline Systems, Inc. only for Interference with Contractual Rights and Prospective

26 | Economic Advantage (Fifth Cause of Action).

27 |     8.    In the Plaintiffs' Complaint, Plaintiffs assert a cause of action against Defendant

28 | Cottman Transmission Systems, LLC only for Declaratory Relief (Sixth Cause of Action).

2

1    9.    Plaintiffs, in their Complaint, allege monetary damages against the Defendants in

2  excess of $25,000, the jurisdictional minimum for the Superior Court of California, plus "other

3  relief". (See Complaint (attached as Exhibit "A") at par. 5).

4    10.    Plaintiffs, in their Complaint, pray for judgment against the Defendants which

5  includes the following:

6        a.    general and special damages according to proof and/or rescission of the

7  License Agreements, restitution and ancillary damages in the alternative;

8        b.    a permanent injunction enjoining Defendants and equitable relief of

9  rescission, full restitution, and ancillary damages;

10        c.    declaratory relief;

11        d.    punitive or exemplary damages;

12        e.    attorneys fees under common law and statute.

13  (See Complaint (attached as Exhibit "A") pp. 16-17).

14    11.    Based upon Plaintiffs' multiple claims for damages, and the monetary value of the

15  Plaintiffs' multiple claims for declaratory and injunctive relief, it is  apparent that the matter in

16  controversy exceeds $75,000, in the aggregate and as to each of the Defendants, exclusive of

17  interest and costs.

18    12.    Furthermore, the Plaintiffs' Complaint seeks rescission of the franchise agreements

19  between the Plaintiffs and Defendant(s), and the value of the rescission sought exceeds $75,000.

20  In particular, the Complaint alleges that in May, 2005, Plaintiffs Kund, LLC and/or Joseph

21  Bencharsky (the "Kund Plaintiffs") entered into  a franchise agreement with defendant Cottman

22  Transmission Systems, LLC  for the operation of a Cottman franchise in San Rafael, California.

23  (See Complaint at par. 8)   As part of the franchise agreement, the Kund Plaintiffs made various

24  payments to Cottman, including the payment of an initial franchise fee of $31,500, and a warranty

25  fund fee of $5,000.   Thereafter, the Kund Plaintiffs became obligated under the terms of the

26  franchise agreement to make periodic franchise fee and advertising fund  payments to Cottman.

27  The Kund Plaintiffs made franchise fee and advertising fund payments to Cottman in the amount

28  of approximately $64,355 for the year 2006.  The Kund Plaintiffs made (or became obligated to

3

1  make) franchise fee and advertising fund payments to Cottman in the amount of approximately

2  $72,152 for the year 2007. The Kund Plaintiffs made (or became obligated to make) franchise fee

3  and advertising fund payments to Cottman in the amount of approximately $5,631 for the year

4  2008, although some of this amount may be unpaid by the Kund Plaintiffs. The Kund Plaintiffs

5  seek rescission of the franchise agreement (See Complaint at pars. 37, 45, 50, and 56) and

6  restitution of such payments, which are in excess of $75,000. The Kund Plaintiffs also seek an

7  order declaring that any of the foregoing obligations that are unpaid do not need to be paid by the

8  Kund Plaintiffs, and that the Kund Plaintiffs are excused from making such payments.

9      13.    The Complaint also alleges that in September, 2004, Plaintiffs Remach Chaplet

10  Corporation and/or Joseph Rego  (the "Remach Plaintiffs") entered into a franchise agreement

11  with defendant Cottman Transmission Systems, LLC  for the operation of a Cottman franchise in

12  Sacramento, California. (See Complaint at par. 9) As part of the franchise agreement, the Remach

13  Plaintiffs paid $90,000 to acquire the Cottman franchise. Thereafter, the Remach Plaintiffs

14  became obligated under the terms of the franchise agreement to make periodic franchise fee and

15  advertising fund payments to Cottman. The Remach Plaintiffs made franchise fee and advertising

16  fund payments to Cottman in the amount of approximately $26,624 for the year 2004.    The

17  Remach Plaintiffs made franchise fee and advertising fund payments to Cottman in the amount of

18  approximately $75,163 for the year 2005.   The Remach Plaintiff made franchise fee and

19  advertising fund payments to Cottman in the amount of approximately $81,568 for the year 2006.

20  The Remach Plaintiff made (or became obligated to make) franchise fee and advertising fund

21  payments to Cottman in the amount of approximately $72,899 for the year 2007. The Remach

22  Plaintiffs made (or became obligated to make) franchise fee and advertising fund payments to

23  Cottman in the amount of approximately $21,532 for the year 2008, although some of this amount

24  may be unpaid by the Remach Plaintiffs. The Remach Plaintiffs seek rescission of the franchise

25  agreement (See Complaint at pars. 37, 45, 50, and 56) and restitution of such payments, which are

26  in excess of $75,000.    The Remach Plaintiffs also seek an order declaring that any of the

27  foregoing obligations that are unpaid do not need to be paid by the Remach Plaintiffs, and that the

28  Remach Plaintiffs are excused from making such payments.

4

1       14.    This action is a civil action of which this Court has original jurisdiction under 28

2 U.S.C. § 1332, and is one which may be removed to this Court by the Defendants pursuant to the

3 provisions of 28 U.S.C. § 1441(a) in that it is a civil action wherein Plaintiffs are citizens of the

4 State of California and Defendants are citizens of the Commonwealth of Pennsylvania, and the

5 amount in controversy exceeds $75,000.

6       15.    By removing the action to this Court, Defendants do not waive any defenses,

7 objections or motions available to it under the applicable law.

8     **WHEREFORE**, Defendants request that the State Court Action now pending against them

9 in the Superior Court of the State of California, County of Marin, and which is attached hereto as

10 Exhibit "A" be removed to this United States District Court for the Northern District of California.

11 DATED: July 15, 2008           LUCE, FORWARD, HAMILTON & SCRIPPS LLP

12

13                    By:_____

14                          Jeffrey L. Pillsrup
                         Attorneys For Defendants

15                          Cottman Transmission Systems, LLC, and
                         American Driveline Systems, Inc.

16

17

18 301042553.1

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

07/03/2008  12:18  6108457321                    EMA                                    PAGE  02/35

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**

JUN 2 5 2008

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: S. Bond, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COTTMAN TRANSMISSIONS SYSTEMS, LLC, a Delaware Limited Liability
Company; AMERICAN DRIVELINE SYSTEMS, INC., a Delaware corporation,
and DOES 1-50.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSEPH BENCHARSKY, an individual; KUND, LLC, a California Limited
Liability Company; JOSEPH REGO, an individual; REMACH CHAPLET, INC., a
California Corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Superior Court of Marin <br> 3501 Civic Center Drive, Room 116 <br> San Rafael, CA 94903 | CASE NUMBER: <br> *(Número del Caso):*  CV  **083094** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter C. Lagarias, Esq.    Robert S. Boulter, Esq.    (415) 460-0100
Lagarias & Boulter, LLP, 1629 Fifth Avenue, San Rafael, CA 94901-1828

DATE:                    **KIM TURNER**                              **S. BOND** , Deputy
*(Fecha)*  JUN 2 5 2008          *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]  (SEAL)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

www.access.law.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Peter C. Lagarias, Esq. (SB No. 77091)<br>Robert S. Boulter, Esq. (SB No. 153549)<br>Lagarias & Boulter, LLP, 1629 Fifth Avenue, San Rafael, CA 94901-1828<br><br>TELEPHONE NO.: (415) 460-0100    FAX NO.: (415) 460-1099<br>ATTORNEY FOR *(Name):* Plaintiffs Benchersky, et al. | MARIN COUNTY<br>SUPERIOR COURT |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin<br>STREET ADDRESS: 3501 Civic Center Drive, Room 116<br>MAILING ADDRESS: San Rafael, CA 94903<br>CITY AND ZIP CODE:<br>BRANCH NAME: | 2008 JUN 25   P 2:44 |

CASE NAME: Benchersky, et al. v. Cottman Transmissions Systems, LLC, et al.

| CIVIL CASE COVER SHEET<br>☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>OV    083094<br>JUDGE: Ritchie<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☑ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Other collections (09) | ☐ Construction defect (10) |
| Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | Real Property | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | Enforcement of Judgment |
| ☐ Civil rights (08) | Unlawful Detainer | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | Miscellaneous Civil Complaint |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| Employment | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 25, 2008

Peter C. Lagarias, Esq.
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>www.accesslaw.com |

1    PETER C. LAGARIAS (SBN 77091)
2    ROBERT S. BOULTER (SBN 153549)
     LAGARIAS & BOULTER, LLP
     1629 Fifth Avenue
3    San Rafael, California 94901-1828
     Telephone: (415) 460-0100
4    Facsimile: (415) 460-1099

5    Attorneys for Plaintiffs Joseph Bencharsky, Kund,
     LLC, Joseph Rego, and Remach Chaplet, Inc.
6

7             SUPERIOR COURT OF CALIFORNIA – UNLIMITED JURISDICTION

8                              COUNTY OF MARIN

9    JOSEPH BENCHARSKY, an individual;          Case No. CV    083094
     KUND, LLC, a California Limited Liability
10   Company; JOSEPH REGO, an individual;       COMPLAINT FOR:
     REMACH CHAPLET, INC. a California
11   Corporation,                                (1) BREACH OF WRITTEN
                                                     FRANCHISE CONTRACTS;
12           Plaintiffs,
                                                 (2) FRAUD AND DECEIT;
13   v.
                                                 (3) NEGLIGENT
14   COTTMAN TRANSMISSIONS SYSTEMS,                   MISREPRESENTATION;
     LLC, a Delaware Limited Liability Company;
15   AMERICAN DRIVELINE SYSTEMS, INC., a         (4) CALIFORNIA FRANCHISE
     Delaware corporation; and DOES 1-50,            INVESTMENT LAW
16                                                   VIOLATION;
             Defendants.                         (5) INTERFERENCE WITH
17                                                   CONTRACTUAL RIGHTS AND
                                                     PROPSECTIVE ECONOMIC
18                                                   ADVANTAGE;

19                                               (6) DECLARATORY RELIEF;

20                                               (7) UNFAIR TRADE PRACTICES
                                                     (CAL. BUSINESS AND
21                                                   PROFESSIONS CODE § 17200)

22           COMES NOW plaintiffs Joseph Bencharsky, an individual; Kund, LLC, a California

23   Limited Liability Company; Joseph Rego, an individual; and Remach Chaplet, Inc., a California

24   corporation, for causes of action against defendants Cottman Transmission Systems, LLC,

25   American Driveline Systems, Inc., and Does 1-50 as follows:

26
                                  NATURE OF THE ACTION
27
     1.      The plaintiffs are franchisees of defendant Cottman Transmission Systems, LLC
28

                                              1
                                         COMPLAINT

1  ("Cottman"). Defendants are the franchisor Cottman Transmission Systems, LLC and its parent

2  company, American Driveline Systems, Inc. (hereafter "defendant ADS").

3

4  2.      In order to benefit personally and defraud members of the public and the plaintiffs,

5  defendants engaged in a fraudulent scheme promoting and over-selling its franchises. The

6  scheme included concealing material facts and making false, misleading and incomplete

7  representations about the franchise opportunity. After the sales, defendants also failed to honor

8  their contractual commitments. In sum, defendants defrauded plaintiffs into investing in Cottman

   franchise businesses that defendants knew or should have known never had a realistic chance of

9  providing sustained economic benefit to the franchisees.

10

11  3.      As a result of defendants' misconduct, the plaintiffs in this action have been greatly

12  damaged.

13

14  4.      Plaintiffs seek to recover losses they have sustained as a result of defendants' violations of

15  their statutory, common law, and contractual duties with respect to the sale and operation of the

16  plaintiffs' Cottman franchises. Plaintiffs seek rescission of their franchise agreements, and

17  equitable relief including the disgorgement of payments made to defendants, or alternatively

18  compensatory and other damages.

19

20                                **JURISDICTION AND VENUE**

21  5.      This Court has jurisdiction over this action because the named plaintiffs are seeking to

22  recover in excess of $25,000 in damages suffered as well as other relief that is within the

23  jurisdiction of this Court.

24

25  6.      Venue is proper in this Court because the acts complained of herein occurred in Marin

26  County and elsewhere in California. Defendants obligated themselves to plaintiffs within Marin

27  County and elsewhere in California.

28

## THE PARTIES

7.    Plaintiffs purchased or personally guaranteed a Cottman Transmission franchise as set forth below.

8.    Plaintiff Kund, LLC is a California limited liability company with its principal place of business in San Rafael, California, which entered a Cottman franchise agreement on or about May 9, 2005 with a territory in San Rafael, California. Plaintiff Joseph Bencharsky personally guaranteed that franchise agreement at the same time (hereafter plaintiffs Kund, LLC and Joseph Bencharsky shall be, collectively and individually, referred to as "plaintiff Kund").

9.    Plaintiff Remach Chaplet Corporation is a California corporation with its principal place of business in Sacramento, California, and which entered a Cottman franchise agreement on or about September 14, 2004, with a territory in Sacramento, California. Plaintiff Joseph Rego personally guaranteed that franchise agreement at the same time, (hereafter plaintiffs Remach Chaplet Corporation and Joseph Rego shall be, collectively and individually, referred to as "plaintiff Remach").

10.    Defendant Cottman Transmission Corp. is, on information and belief, a Delaware corporation with its principal place of business in Horsham, Pennsylvania. Defendant Cottman is the franchisor of plaintiffs' franchise.

11.    Defendant American Driveline Systems, Inc. is, on information and belief, a Delaware corporation with its principal place of business in Horsham, Pennsylvania. Defendant ADS is the parent company of defendant Cottman as well as the parent company of AAMCO a competing franchisor of auto transmission service franchises which provides competing transmission services to those provided by Cottman franchisees including plaintiffs.

1  **12.**    The true names and capacities, whether corporate, associate, individual or otherwise, of
2  defendants Does 1 through 50, inclusive, are unknown to plaintiffs who therefore sue said
3  defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to set
4  forth the true names and capacities when the same have been ascertained. Plaintiffs are informed
5  and believe and thereon allege that said fictitiously named defendants are liable for the conduct
6  and damages hereinafter alleged.

7
8  **13.**    Plaintiffs are informed and believe and thereon allege that at all times mentioned herein
   each of the defendants was acting as the agent, affiliate, partner, employee, and/or co-conspirator
9  of each of the remaining defendants, and that all the defendants' acts alleged herein were within
10  the course or scope of such agency, affiliation, partnership, employment, and/or conspiracy.
11  Plaintiffs are further informed and believe and thereon allege that at all times mentioned herein
12  each defendant ratified and or authorized the wrongful acts of the remaining defendants and each
13  of them.

14
15  **14.**    Plaintiffs are informed and believe and thereon allege that at all times mentioned herein
16  each of the defendants aided and abetted the remaining defendants in their actions set forth below
17  aware that such conduct constituted a breach of duty and providing substantial assistance to the
18  accomplishment of that conduct, subjecting them to liability for that conduct.

19
20  **15.**    Plaintiffs are informed and believe and thereon allege that at all times mentioned herein
21  that defendant ADS. was and is the alter ego of defendant Cottman in that defendant Cottman was
    inadequately capitalized for its activities, did not have sufficient and separate employees and
22  business assets, did not have a separate existence, and was dominated and controlled by defendant
23  ADS, such that defendants Cottman and ADS should not be recognized as separate legal entities,
24  which would be inequitable. (Hereafter, given the unity of defendants Cottman and ADS,
25  plaintiffs refer to both entities collectively as defendant Cottman unless otherwise noted.)
26
27  **16.**    Adherence to the fiction of the separate existence of the defendant corporations as distinct
28  entities would permit an abuse of the corporate privilege and would promote injustice in that

1  plaintiffs may not be able to recover for damages inflicted by the defendants.

2

3

4                                **GENERAL ALLEGATIONS**

5

6  **17.**     Defendant Cottman has been a franchisor of transmission repair franchise agreements

7  including with plaintiffs and others for several decades (hereafter defendant "Cottman").

8

9  **18.**     Defendant Cottman marketed its Cottman franchises by a written Uniform Franchise

10  Offering Circular, a website, and other materials.

11

12  **19.**     The Cottman franchise marketed by defendants promised plaintiffs a Cottman franchise

13  business utilizing Cottman trademarks and trade name with a unique system.

14  **20.**     Defendants made numerous material representations regarding its franchises to plaintiffs

15  primarily by telephone and by their UFOC, and appended franchise agreement, prior to their

16  entering franchise agreements including some or all of the following to each plaintiff:

17

18         a.     that Cottman had a unique system with substantial forms and training;

19         b.     that Cottman system had well recognized trademarks and trade name which

20                Cottman would continuously promote;

21         c.     that each franchisee would have a protected territory which could be renewed;

22         d.     that plaintiffs could acquire multiple Cottman locations under an incentive or

23                discount plan.

24  **21.**     Defendants concealed the following true material facts:

25

26         a.     that defendant Cottman had no proven system;

27         b.     that Cottman planned to acquire another competing system and stop promoting its

28                Cottman trademarks and trade name;

                                            5
                                         COMPLAINT

1          c.      that Cottman would not offer their protected territory to plaintiffs on renewal as
2                  their protected territory; and
3          d.      that Cottman would no longer offer Cottman franchises and instead only AAMCO
4                  franchises would be offered.
5
6
7    22.    In its UFOC, defendant Cottman noted that it had "a system of repairing, remanufacturing
8    and servicing automobile transmissions and related component parts to the public." In addition,
     the UFOC stated that "Your competitors include automobile dealerships, independent
9    transmission shops, general automotive repair shops and other national chains of transmission
10   shops." The UFOC did not disclose that Cottman was considering acquiring another national
11   chain of transmission shops, namely AAMCO franchise system.
12
13   23.    In reliance on the above representations, plaintiffs entered into the written franchise
14   agreements with defendant Cottman on or about as follows:
15
16         a.      plaintiff Kund entered into a written Cottman franchise agreement with defendant
17                 Cottman on or about May of 2005; and
18         b.      plaintiffs Remach entered into a written Cottman franchise agreement with
19                 defendant Cottman on or about September of 2004.
20
21   24.    Shortly after plaintiffs signed their franchise agreements, in March of 2006, defendant
22   Cottman purchased a competing franchise system of AAMCO franchises.
23
24   25.    On information and belief, defendant Cottman planned the AAMCO acquisition for a
25   considerable period of time, and that only one of the two franchise brands, AAMCO, would
     continue to be sold.
26
27   26.    Shortly after the AAMCO acquisition, defendant Cottman elected to stop marketing and
28   renewing Cottman franchises in favor of only offering AAMCO franchises. Plaintiffs were

                                              6

1   subsequently told they could not renew as Cottman branded franchises, and instead only as

2   AAMCO branded franchises under an AAMCO franchise agreement.

3

4   **27.**   Each of the plaintiffs is located in a protected territory with competing AAMCO

5   franchises.

6

7   **28.**   At the time of the AAMCO acquisition, defendant Cottman had over four hundred

8   franchise and other outlets, but currently has less than 160 franchise and other outlets making

9   national advertising impractical and not economically feasible. Defendant Cottman is no longer

10   performing national advertising for the Cottman franchises, including for plaintiffs, and is instead

11   conducting national advertising only for AAMCO franchises including in plaintiffs' territory.

12   As a result plaintiffs must compete with and are losing customers to AAMCO franchisees of its

     parent company operating in plaintiffs' exclusive territory.

13

14   **29.**   At the time of the AAMCO acquisition, on information and belief defendant Cottman

15   transferred many of its Cottman employees over to work on AAMCO franchise businesses

16   retaining only a dwindling few and inadequate number of employees to perform obligations

17   owing to Cottman franchisees including plaintiffs.

18

19   **30.**   Defendant Cottman has also discussed franchise renewal with plaintiffs but only using the

20   AAMCO brand and not the Cottman brand. Defendant Cottman has also refused to issue an

21   AAMCO franchise to plaintiffs in their existing locations because defendant Cottman has

22   AAMCO franchises nearby in their existing territory and cannot issue an AAMCO franchise in

     those territories.

23

24   **31.**   Defendant Cottman has also ceased providing local representatives and assistance to

25   plaintiffs and other franchisees as their franchise system of Cottman franchisees is steadily

26   dwindling and deteriorating in favor of the AAMCO system.

27

28

07/03/2008 12:10    6108457321    EMA    PAGE 11/35

## FIRST CAUSE OF ACTION
### (Breach of Written Contract by all Plaintiffs Against all Defendants and Does 1-20 only)

32.    Plaintiffs reallege and incorporate by reference Paragraphs 1 - 31, above inclusive, as though fully set forth herein.

33.    Plaintiffs entered written franchise agreements with defendant Cottman within the last four years (hereafter the "Agreements"). The Agreements were also explained by the Cottman Uniform Franchise Offering Circular (UFOC). The Agreements and the UFOC are voluminous and are not attached hereto; they are well known to defendants.

34.    In addition to the express terms, the above Agreements contained a covenant of good faith and fair dealing, under which defendant Cottman was obligated to act in good faith and fair dealing in performance under the Agreements and to not deprive plaintiffs of the fruits and benefits and reasonable expectations under the Agreements.

35.    Plaintiffs have performed, or are excused from performing, all of the obligations owing and conditions under the above Agreements.

36.    Defendant Cottman has breached the Agreements and covenant of good faith and fair dealing as to all plaintiffs by committing acts within the last four years and continuing thereafter, which include, but are not limited to, the following:

  a.  failure to provide a viable franchise system;

  b.  failure to provide adequate training and assistance including ongoing assistance;

  c.  failure to develop and promote the Cottman brand, trademarks and system, and instead promoting a rival and competing brand, AAMCO; including to the detriment of the Cottman brand;

  d.  failure to provide a exclusive territory by allowing its competing AAMCO

1    franchisee to operate and sell transmission repair services in plaintiffs' exclusive

2    territories; and

3    e.    failure to allow plaintiffs to renew their Cottman franchises at all or in their

4    exclusive territories.

5

6    **37.**    As a direct and proximate result of the breaches of the Agreements on the part of

7    defendant Cottman as described above, plaintiffs are entitled to rescission and ancillary damages,

8    equitable relief and, in the alternative, to damages, according to proof from defendant Cottman.

9    In addition to the extent authorized by contract or statute, contract, plaintiffs are entitled to

    reasonable attorneys fees incurred in this action.

10

11    WHEREFORE, plaintiffs pray for judgment as set forth below.

12

13    ## SECOND CAUSE OF ACTION

14    **(Fraud and Deceit By All Plaintiffs Against All Defendants and Does 1-50 only)**

15

16    **38.**    Plaintiffs reallege and incorporate by reference Paragraphs 1 - 37, above inclusive, as

17    though fully set forth herein.

18

19    **39.**    Prior to plaintiffs entering the above Agreements and RD Agreements, defendants

20    intentionally made some or all of the following misrepresentations to plaintiffs and concealed

21    material information, including but not limited to, the following:

22

    a.    that Cottman had a unique system; and

23

    b.    that Cottman franchisees had earnings as stated in Item 19 of the UFOC.

24

25    **40.**    The true facts were misrepresented or omitted, on information and belief, and were, as

26    follows:

27

28    a.    that defendant Cottman had no proven system with little training and forms;

  **b.**  that Cottman was planning to acquire AAMCO and abandon the brand and trademarks; and

  **c.**  that Cottman, on information and belief, knew or should have known the earnings claims information was false.

**41.** The above misrepresentations and concealed material information were made by defendants with the intent to induce plaintiffs to rely on the misrepresentations, and to enter into the above Agreements and take the actions set forth above.

**42.** The above misrepresentations and concealed material information were made by defendants with the intent to induce plaintiffs to rely on the misrepresentations, and to enter into the above Agreements and take the actions set forth above.

**43.** ·At the time of the above misrepresentations by defendants, plaintiffs were ignorant of the falsity of defendants' misrepresentations and could not, in the exercise of reasonable diligence, have discovered defendants' secret misrepresentations as only defendants possessed that information.  Plaintiffs have only discovered the falsity of the above misrepresentations within the last year:

**44.** In justified reliance on the above misrepresentations of defendants, plaintiffs were induced to enter into the above Agreements, pay the above fees, and expend significant other sums on store build-out, inventories and other items.  Had plaintiffs known of the falsity of defendants' above representations, plaintiffs would not have entered into the above agreement and personal guaranties and expended the above sums.

**45.** As a direct and proximate result of defendants' fraud and deceit, plaintiffs are entitled to rescission of contract, restitution and ancillary damages. In the alternative, plaintiffs have been damaged in a sum not yet fully ascertained for which they are entitled to recover in excess of the jurisdictional minimum of this court.  Plaintiffs will seek leave to amend the complaint to set

1    forth the amount when more fully known or at time of trial.

2

3    46.    In doing the acts herein alleged, defendants acted with oppression, fraud, and malice, and

4    in conscious disregard of the rights of plaintiffs, and plaintiffs are entitled to punitive or

5    exemplary damages against these defendants in an amount to be assessed according to proof.

6    Among other things, defendants committed fraud in the offer and sale of the Agreement to

7    plaintiffs.

8
         WHEREFORE plaintiffs pray for judgment as set forth below.
9

10                              **THIRD CAUSE OF ACTION**

11   **(Negligent Misrepresentation by All Plaintiffs Against Defendants and Does 1-50 only)**

12

13   47.    Plaintiffs reallege and incorporate by reference paragraphs 1 - 43, above inclusive, as

14   though fully set forth herein.

15

16   48.    In the alternative, the above misrepresentations were made negligently to plaintiffs by

17   defendants without regard to their truth and falsity.

18

19   49.    In justified reliance on the above representations of defendants, plaintiffs were induced to

20   enter into the above Agreements, pay the initial fees, and expend significant other sums on build-

21   out, inventories and other items.  Had plaintiffs known of the falsity of defendants' above

22   representations, plaintiffs would not have entered into the above Agreement and personal

23   guaranties and expended the above sums.

24   50.    As a direct and proximate result of defendants'misrepresentations, plaintiffs are entitled to

25   rescission of contract, restitution and ancillary damages. In the alternative, plaintiffs have been

26   damaged in a sum not yet fully ascertained, for which they are entitled to recover in excess of the

27   jurisdictional minimum of this court.  Plaintiffs will seek leave to amend the complaint to set

28   forth the amount when more fully known or at time of trial.

1

2    WHEREFORE plaintiffs pray for judgment as set forth below.

3

4    ### FOURTH CAUSE OF ACTION

5    **(Violations of the California Franchise Investment Law by All Plaintiffs Against All Defendants)**

6

7    **51.**    Plaintiffs reallege and incorporate by reference Paragraphs 1 - 46, above inclusive, as

8    though fully set forth herein.

9

10    **52.**    The offer and sale of the above Agreements and RD Agreements to plaintiffs by defendant

11    Cottman in California each constituted an offer and sale of a franchise within the meaning of the

12    California Franchise Investment Law, California Corporations Code Section 31000, et.seq.

13    (hereafter "CFIL").

14

15    **53.**    Defendant Cottman is and at all relevant times was required by the CFIL to register and

16    timely provide every prospective distributor residing in California with an accurate franchise

17    offering circular. Each UFOC must provide all information set out in the form known as the

18    Uniform Franchise Offering Circular which in turn requires a clear and concise disclosure of the

19    nature of the franchises in compliance with California Corporations Code Sections 31110, 31111

20    and 10 California Code Regulations Section 310.111. The Uniform Franchise Offering Circular

21    has twenty three categories of information or items which require disclosure. The franchisor is

22    specifically required to disclose the "factual basis and material assumptions" of any earnings

23    claims (claims relating to actual or potential level of income, sales, or costs) made by the

24    franchisor (Item 19). Defendant Cottman violated the requirements of the CFIL, applicable

25    regulations and the UFOC, in that defendant Cottman, on information and belief, misrepresented,

26    omitted and/or failed to provide a UFOC with the required information therein.

27    **54.**    Such omissions and untruths by defendant were willful as defendant Cottman was aware

28    of the requirements of the CFIL and of the truthful facts regarding its franchised outlets and its

12
**COMPLAINT**

1  policics.

2

3  **55.**  In addition, defendants violated the CFIL by misrepresenting that it had a viable system

4  when it did not.

5

6  **56.**  As a direct result of the above willful violations of the CFIL, plaintiffs are entitled to

7  rescission of their Agreement and restitution and ancillary damages, or, in the alternative to

8  damages according to proof, from defendants Cottman. The sum of such restitutionary damages

9  is not yet fully known but is in excess of the jurisdiction minimum of this court. Plaintiffs will

10  seek leave to amend the complaint to set forth the amount when more fully known or at time of

11  trial.

12  **57.**  The above statutory breaches by defendants were intentional, fraudulent, and despicable

13  conduct carried on with a willful and conscious disregard of the rights of plaintiffs and subjected

14  them to unjust hardship which inured to defendants' benefit. Plaintiffs are therefore entitled to

15  have punitive or to exemplary damages assessed against defendants in an appropriate amount

16  according to proof.

17

18  WHEREFORE plaintiffs pray for judgment as set forth below.

19

20  ### FIFTH CAUSE OF ACTION

21  **(Interference with Contractual Rights and Prospective Economic Advantage Against
Defendant American Driveline Systems, Inc.)**

22

23

24  **58.**  Plaintiffs reallege and incorporate by reference Paragraphs 1- 37, above inclusive, as

25  though fully set forth herein.

26

27  **59.**  At all times plaintiffs had developed customers in their territory which were reasonably

28  likely to return for additional business to their Cottman franchises.

1

2   **60.**    At all times defendant American Driveline Systems, Inc. were aware of the above

3   economic advantage and customers of plaintiffs as well as their above contractual rights owing

4   from defendant Cottman.

5

6   **61.**    Defendant American Driveline Systems, Inc. intentionally or in the alternative

7   negligently, interfered with plaintiffs above contractual rights and prospective economic

8   advantage including by causing defendant Cottman to breach its contractual obligations as set

9   forth above and by denying rates the Cottman brand in favor of the AAMCO brand and marketing

10  to plaintiffs customers for AAMCO brand in plaintiff's territory.

11  **62.**    As a direct and proximate result of the above conduct on the part of defendant American

12  Driveline Systems, Inc. as described above, plaintiffs are entitled to rescission and ancillary

13  damages, equitable relief and, in the alternative, to damages, according to proof from defendant

14  American driveline Systems, Inc. In addition to the extent authorized by contract or statute,

15  contract, plaintiffs are entitled to reasonable attorneys fees incurred in this action.

16

17  **63.**    In doing the acts herein alleged, defendant American Driveline Systems, Inc. acted with

18  oppression, fraud, and malice, and in conscious disregard of the rights of plaintiffs, and plaintiffs

19  are entitled to punitive or exemplary damages against American Driveline Systems, Inc. in an

20  amount to be assessed according to proof.

21

22          WHEREFORE plaintiffs pray for judgment as set forth below.

23

24                                   **SIXTH CAUSE OF ACTION**

25                   **(Declaratory Relief By All Plaintiffs Against Defendant Cottman)**

26

27  **64.**    Plaintiffs reallege and incorporate by reference Paragraphs 1- 43, above inclusive, as

28  though fully set forth herein.

14

·COMPLAINT

1

2   65.   This claim for relief arises under California Code of Civil Procedure section 1060.

3

4   66.   Plaintiffs and defendant Cottman maintain differing positions on the enforceability of the

5   franchise agreements. Plaintiffs contend that the franchise agreements contain unconscionable

6   provisions and have been breached and are subject to rescission, but defendants dispute such

7   claims.

8
    67.   Plaintiffs desire a judicial determination and declaration of their rights and obligations
9
    under the Agreements; specifically that the above provisions of the agreements are unenforceable.
10

11  68.   Such a declaration of the above rights is necessary and proper at this time so that plaintiffs

12  may ascertain their rights and obligations under the Agreements.

13

14      WHEREFORE plaintiffs pray for judgment as set forth below.

15

16                        SEVENTH CAUSE OF ACTION
            (Unfair Trade Practices, Business and Professions Code Section 17200
17                      By All Plaintiffs Against All Defendants)

18

19  69.   Plaintiffs reallege and incorporate by reference Paragraphs 1 - 68, above inclusive, as

20  though fully set forth herein.

21

22  70.   Defendants owed plaintiffs a duty to not engage in illegal, fraudulent or unfair trade

23  practices prohibited under Sections 17200 of the California Business & Professions Code.

24
    71.   The above actions of defendants constituted illegal trade practices in violation of Section
25
    17200 of the California Business & Professions Code including but not limited to violations of
26
    the CFIL, and the FTC Act and the FTC Franchise Disclosure Rule.  Said violations including
27
    offering and selling a franchise without fully registering the same, without required disclosures,
28
    and through oral and written misrepresentations.

                                            15

1

2    72.    The above actions of defendants also constituted fraudulent trade practices in violation of

3  Sections 17200 of the California Business & Professions Code. The above misrepresentations by

4  defendants had the capacity to deceive and deceived plaintiffs and others including because

5  defendants had superior and exclusive knowledge of their business and plaintiffs and members of

6  the general public had no method of learning of the falsity of those misrepresentations.

7

8    73.    The above actions of defendants further constituted unfair trade practices in violation of

9  Section 17200 of the California Business & Professions Code.

10    74.    The illegal, fraudulent and unfair business practices of defendants presents a continuing

11  threat to plaintiffs and to members of the public in that defendants persist in these practices and

12  will do so unless and until a permanent injunction is issued by this Court. Such a permanent

13  injunctive relief should include rescission of contract, restitution, and ancillary damages to

14  plaintiffs.

15

16    75.    As a direct result of the above illegal, fraudulent and unfair business practices, defendants

17  have been unjustly enriched and have otherwise received revenues from plaintiffs as a result of

18  their violations of Section 17200 of the California Business & Professions Code which should be

19  held in trust and disgorged, including the monies and other items paid by plaintiffs including

20  franchisee fees, royalties, and inventories, which monies should be returned to plaintiffs by

21  restitution, disgorgement or other equitable remedies.

22

23    76.    Plaintiffs are entitled to attorneys fees due to the common fund doctrine and under the

24  private attorney general doctrine including under Section 1021.5 of the California Code of Civil

25  Procedure.

26      WHEREFORE plaintiffs pray for judgment as set forth below;

27

28                  **PRAYER FOR RELIEF - ALL COUNTS**

1

2    WHEREFORE plaintiffs pray for judgment against all defendants as follows:

3

4    1.    for general and special damages according to proof and/or rescission of the

5    Agreement, restitution and ancillary damages in the alternative;

6

7    2.    for a permanent injunction enjoining defendants from illegal, fraudulent and unfair

8    acts or practices and equitable relief of rescission, full restitution, ancillary damages

9    to plaintiffs;

10

11    3.    for declaratory relief;

12

13    4.    for punitive or exemplary damages according to proof;

14

15    5.    for costs of suit;

16    6.    for reasonable attorneys fees including under the common fund approach violations

17    of Section 17200 of the California Business & Professions Code; and

18

19    7.    for such other and further relief as the court deems just and equitable.

20

21

22    DATED: June 25, 2008                    LAGARIAS & BOULTER, LLP

23

24                                           Peter C. Lagarias, Esq.

25                                           Attorney for Plaintiffs Joseph Bencharsky,
                                             Kund, LLC, Joseph Rego, and Remach
26                                           Chaplet, Inc.

27    N:\ACTIVE\Bencharsky, Joseph\Pleadings\complaint.doc

28

                                        17
                                     COMPLAINT