1  Jeffrey L. Fillerup, State Bar No. 120543
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
3  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
4  E-Mail: jfillerup@luce.com

5  James A. Goniea, State Bar No. 170849
   201 Gibraltar Road
6  Horsham, PA  19044
   Telephone No.: 610.668.2900
7  Fax No.: 610.664.5897
   E-Mail: jgoniea@aamco.com
8

9  Attorneys for Specially Appearing Defendant
   American Driveline Systems, Inc.
10

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                        SAN FRANCISCO DIVISION

15 |                                          | Case No. 08-CV-03402 SI
16 | JOSEPH BENCHARSKY, an individual;         |
   | KUND, LLC, a California Limited Liability | **NOTICE OF MOTION AND MOTION**
   | Company; JOSEPH REGO, an individual;      | **TO DISMISS FOR LACK OF**
17 | REMACH CHAPLET, INC., California          | **PERSONAL JURISDICTION [F.R.C.P.**
   | Corporation,                              | **12(b)(2)]**
18 |                                           |
   |         Plaintiffs,                       |
19 |                                           |
   | v.                                        |
20 |                                           |
   | COTTMAN TRANSMISSION SYSTEMS,             | Date:      October 31, 2008
21 | LLC, a Delaware Limited Liability Company;| Time:      9:00 a.m.
   | AMERICAN DRIVELINE SYSTEMS, INC.,         | Courtroom: 10 (Judge Illston)
22 | a Delaware corporation; and DOES 1-50,    |
23 |         Defendants.                       |

24

25
     TO:  THE PLAINTIFFS AND THEIR ATTORNEYS OF RECORD
26
        PLEASE TAKE NOTICE that on October 31, 2008 at 9:00 a.m. in Courtroom 10 (19th
27
   Floor),  of the above Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102,
28
   Specially Appearing Defendant American Driveline System, Inc. ("ADS") will move this Court

for an order dismissing ADS on the ground that this Court lacks personal jurisdiction over ADS pursuant to Federal Rule of Civil Procedure 12(b)(2).

This Motion shall be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Todd P. Leff, the pleadings on file in this case, any matters for which the Court may take judicial notice, as well as any further evidence and argument submitted by ADS in support of this Motion. This Motion is also supported by the Declaration of William B. Jameson, which is filed concurrently with this Motion and in support of Cottman's Motion to Compel Arbitration and Motion to Dismiss.

DATED: August 15, 2008        LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Jeffrey L. Fillerup
Attorneys for Specially Appearing Defendant
American Driveline Systems, Inc.

1  Jeffrey L. Fillerup, State Bar No. 120543
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
3  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
4  E-Mail: jfillerup@luce.com

5  James A. Goniea, State Bar No. 170849
   201 Gibraltar Road
6  Horsham, PA  19044
   Telephone No.: 610.668.2900
7  Fax No.: 610.664.5897
8  E-Mail: jgoniea@americandriveline.com

9  Attorneys for Specially Appearing Defendant
   American Driveline Systems, Inc.
10

11

UNITED STATES DISTRICT COURT

12

NORTHERN DISTRICT OF CALIFORNIA

13

SAN FRANCISCO DIVISION

14

15

16 JOSEPH BENCHARSKY, an individual;
   KUND, LLC, a California Limited Liability
   Company; JOSEPH REGO, an individual;
17 REMACH CHAPLET, INC., California
   Corporation,
18
         Plaintiffs,
19
   v.
20
   COTTMAN TRANSMISSION SYSTEMS,
21 LLC, a Delaware Limited Liability Company;
   AMERICAN DRIVELINE SYSTEMS, INC., a
22 Delaware corporation; and DOES 1-50,

23       Defendants.

Case No. 08-CV-03402 SI

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [F.R.C.P. 12(b)(2)]**

Date:    October 31, 2008
Time:    9:00 a.m.
Courtroom: 10 (Judge Illston)

24

25

26      Specially appearing Defendant American Driveline Systems, Inc. ("ADS") hereby submits

this Memorandum in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure

27

12(b)(2), as follows:

28

## I. ISSUE TO BE DECIDED

The issue raised by this Motion is:

Does ADS have sufficient "minimum contacts" with the State of California for this Court to exercise personal jurisdiction over it consistent with the provisions in California's long arm statute and the California and United States Constitutions?

ADS contends that the answer is "no" because neither of the Ninth Circuit's standards for general personal jurisdiction or specific personal jurisdiction have been established.

## II. FACTS RELATING TO ADS' PERSONAL JURISDICTION MOTION

This is an action by two franchisees of Defendant Cottman Transmission Systems, LLC ("Cottman") for damages arising out of the operation of their Cottman franchises in northern California. Cottman is a franchisor of automotive repair businesses. On or about April 29, 2005, Cottman entered into a License Agreement with Plaintiff Joseph Bencharsky that permitted him to operate a Cottman automotive repair business in San Rafael, California (the "Bencharsky Agreement"). (William B. Jameson Decl. ("Jameson Decl."), at par. 2, Ex. A.) Contemporaneous with the execution of the Bencharsky Agreement, Joseph Bencharsky and Cottman signed an agreement transferring the license to Kund, LLC, with Joseph Bencharsky agreeing to remain personally liable in all respects under the Bencharsky Agreement. *Id.* Section 28.a of the Bencharsky Agreement specifically states that any disputes between Cottman and Bencharsky will be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). *Id.* Prior to the filing of the Complaint, Cottman served on Joseph Bencharsky and filed with the AAA a Demand for Arbitration seeking, among other things, the recovery from Joseph Bencharsky of over $30,000 in unpaid franchise fees and other fees owed to Cottman pursuant to the Bencharsky Agreement. (Jameson Decl., at par. 3, Ex. B) Cottman has filed a concurrent Motion to Compel Arbitration seeking an order requiring Bencharsky to pursue his claims in a AAA arbitration in Pennsylvania, which is required by the Bencharsky Agreement. (Jameson Decl., at par. 4)

On or about September 14, 2004, Cottman entered into a License Agreement with Plaintiff Joseph Rego that permitted him to operate a Cottman automotive repair business in Sacramento,

California (the "Rego Agreement"). (Jameson Decl., at par. 5, Ex. C) Contemporaneous with the execution of the Rego Agreement, Joseph Rego and Cottman signed an agreement transferring the license to Remach Chaplet, Inc., with Joseph Rego agreeing to remain personally liable in all respects under the Rego Agreement. (Jameson Decl., at par. 6) Section 28.a of the Rego Agreement specifically states that any disputes between Cottman and Rego will be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of AAA. (Jameson Decl., at par. 5) Cottman's concurrent Motion to Compel Arbitration also seeks an order requiring Rego to pursue his claims in a AAA arbitration in Pennsylvania, which is required by the Rego Agreement.

On June 25, 2008, Bencharsky and Rego filed this suit in Marin County Superior Court alleging that Cottman, and its affiliated company American Driveline Systems, Inc. ("ADS"), are liable for various contract, tort, and statutory claims arising out of the Plaintiffs' operation of their Cottman franchises. Cottman and ADS timely removed the Marin County case to this Court. Cottman's concurrent Motion to Compel Arbitration contends that all of the Plaintiff's claims are subject to binding arbitration. (Jameson Decl., at par. 9)

Defendant ADS files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground that it does not have sufficient "minimum contacts" with the State of California for this Court to exercise personal jurisdiction over it. ADS is a holding company, and one of its subsidiaries owns shares in Cottman. (Todd P. Leff Decl. ("Leff Decl."), at par. 2) ADS does not directly own stock in Cottman. *Id.* While Cottman entered into the License Agreements at issue with the Plaintiffs, ADS is not a party to those agreements. (Leff Decl., at par. 3) Furthermore, ADS has no contractual relationship with the Plaintiffs. *Id.* ADS has never entered into a contract with the Plaintiffs. *Id.* ADS has never had a business relationship with the Plaintiffs. *Id.*

ADS does not conduct business in California and it does not avail itself of the laws and protections of the State of California. (Leff Decl., at par. 4) ADS does not have any offices or employees in California and ADS employees have never traveled to California to conduct business on behalf of ADS. *Id.* ADS does not own any property in California. *Id.* ADS is not registered

to conduct business in California and does not conduct, and has never conducted, business in California. *Id.* ADS has never sued anyone in California and has never been sued in California, until the Marin County suit was filed. *Id.* ADS does not have an agent for service of process in California. *Id.* ADS does not pay any California taxes. *Id.* ADS does not advertise or sell goods or services in California. *Id.* In summary, ADS has no contacts at all with California. *Id.*

ADS does not directly own stock in, nor is it the parent company of, Cottman. (Leff Decl., at par. 2) ADS owns an intermediary company which, in turn, owns stock in Cottman. *Id.* A subsidiary of this intermediary company owns the remainder of Cottman. *Id.* Thus, at most, ADS can be said to be an indirect grandparent and great-grandparent company of defendant Cottman. *Id.* Cottman and ADS are distinct and separate legal entities. *Id.* Cottman has distinct employees who are not employees of ADS. *Id.* Cottman and ADS have separate assets and bank accounts. *Id.* Moreover, Cottman was and is adequately capitalized for its business activities. *Id.*

### III. ARGUMENT

This Court may exercise jurisdiction over a defendant based upon either traditional bases for personal jurisdiction, or based on California's long-arm statute. *Foley v. Marquez,* 2003 U.S. Dist. Lexis 17554 (N.D. Cal. 2003). Traditional bases for personal jurisdiction require the defendant's presence in the State, its domicile in the State, or the defendant's consent to personal jurisdiction. *Id.*. None of the traditional bases for personal jurisdiction exist in this case, so the issue before the Court is whether jurisdiction exists under California's long-arm statute.

This Court may exercise long-arm jurisdiction over a defendant if the circumstances comport with the state's long-arm statute, and with the constitutional requirements of due process. *Id.*, citing *Omeluk v. Langsten Slip,* 52 F.3d 267, 271 (9th Cir. 1995). California's long-arm statute permits the courts in California to exercise jurisdiction over non-resident defendants on any basis not inconsistent with the California and United States Constitutions. Cal. Code of Civil Procedure section 410.10. In order to satisfy Constitutional due process concerns, a non-resident defendant must have "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional conceptions of fair play and substantial justice." *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316 (1945).

In determining whether sufficient "minimum contacts" exist for a court to exercise personal jurisdiction over a non-resident defendant, the Court may exercise either general personal jurisdiction or specific personal jurisdiction. *Ross v. Altria Group, Inc.,* 2004 U.S. Dist. Lexis 18558 (N.D. Cal. 2004), citing *FDIC v. British-American Ins. Co., Ltd.,* 828 F.2d 1439, 1442 (9th Cir. 1987). If the defendant's activities in the forum are substantial or continuous and systematic, general jurisdiction is available; in other words, the non-resident defendant is subject to suit even on matters unrelated to his or her contacts to the forum. *Perkins v. Benguet Consolidated Mining, Co.,* 342 U.S. 437, 446 (1952); *Foley, supra,* citing *Ziegler v. Indian River County,* 64 F.3d 470 (9th Cir. 1995).

In the present case, ADS does not have the "substantial or systematic and continuous" contacts with California that are required to support a finding of general personal jurisdiction. ADS is a Delaware corporation whose business address is 201 Gibraltar Road, Horsham, Pennsylvania. (Leff Decl., at par. 2) ADS does not have any offices or employees in California and ADS employees have never traveled to California to conduct business on behalf of ADS. (Leff Decl., at par. 4) ADS does not own any property in California. *Id.* ADS is not registered to conduct business in California and does not conduct, and has never conducted, business in California. *Id.* ADS has never sued anyone in California and has never been sued in California until the Marin County suit was filed in the present case. *Id.* ADS does not have an agent for service of process in California. *Id.* In summary, because ADS has no contacts at all with California, it is not possible for the Court to exercise general personal jurisdiction over it.

A court may exercise specific personal jurisdiction over a non-resident defendant if it has substantial contacts with the forum state in connection with the causes of action before the court. *Ross, supra.* The question is whether the cause of action "arises out of" or "has a substantial connection with" activity in the forum state. *Hanson v. Denckla,* 357 U.S. 235, 251, 253 (1958). The requirement of purposeful availment "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985) (internal citations omitted).

1   The Ninth Circuit has established a three-prong test for establishing whether specific personal jurisdiction exits. *Rogers v. America West Airlines, et. Al.,* 2000 U.S. Dist. Lexis 6289 (N.D. Cal. 2000), citing *Ziegler, supra,* at 473. First, there must be a showing that the non-resident defendant purposefully directed its activities towards residents of the forum state or purposefully availed itself of the privilege of conducting activities in the forum state, thus invoking the protections of its laws. *Id.* Second, the controversy must be related to or "arise out of" defendant's contact with the forum state. *Id.* Third, the exercise of specific jurisdiction must comport with rules of fair play and substantial justice. *Id.*

None of the elements of specific personal jurisdiction exist in this case.

As to the first prong, there is no evidence that ADS availed itself of the privilege of conducting activities in the State of California.

As to the second prong, there is no evidence that the Plaintiffs' claims arise out of ADS's activities in or contact with the State of California. In addition, ADS has no contractual relationship with plaintiffs. (Leff Decl., at par. 3) The License Agreements are contracts between the Plaintiffs and Cottman; they are not between the Plaintiffs and ADS. *Id.*

Even though there is a corporate relationship between Cottman and ADS, that relationship cannot be the basis for specific personal jurisdiction. *Ross, supra.* ADS does not directly own stock in, nor is it the parent company of Cottman. (Leff Decl., at par. 2) ADS owns an intermediary company which, in turn, owns shares in Cottman. *Id.* A subsidiary of this intermediary company owns the remainder of Cottman. *Id.* Thus, at most, ADS can be said to be an indirect grandparent and great-grandparent company of defendant Cottman. *Id.* Cottman and ADS are distinct and separate legal entities. *Id.* Cottman has distinct employees who are not employees of ADS. *Id.* Cottman and ADS have separate assets and bank accounts. *Id.* Moreover, Cottman was and is adequately capitalized for its business activities. *Id.*

Even if there were a direct parent-subsidiary relationship between Cottman and ADS, that would not be enough to satisfy the second prong. It is well settled that personal jurisdiction over a corporation may not be predicated on the Court's jurisdiction over a related corporate entity. *See Church of Scientology of California v. Adams,* 584 F.2d 893, 897 (9th Cir. 1978). Instead, personal

jurisdiction over a corporation must be based on its own personal contacts with the forum. *County of Stanislaus v. Pacific Gas & Elec. Co.*, 1995 WL 819149, *2 (E.D.Cal. Dec.18, 1995). "The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts [with the forum]." *Ross, supra*, citing *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001). Also, the mere allegation that a non-resident parent corporation is the alter ego of the resident subsidiary corporation is not sufficient to satisfy a plaintiff's burden of proving specific personal jurisdiction. *Id.*

As to the third prong, the reasonableness of exercising specific personal jurisdiction is not an issue because the Plaintiffs cannot establish either of the first two elements of specific personal jurisdiction. "The Court need only conduct reasonableness analysis once minimum contacts have been established." *Ross, supra*, citing *Burger King, supra*, at 476.

Because ADS lacks "minimum contacts" with California sufficient to justify this Court exercising general personal jurisdiction or specific personal jurisdiction over ADS, ADS should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

## IV. CONCLUSION

In light of ADS's lack of "minimum contacts" with the State of California, this Court lacks personal jurisdiction over ADS, and ADS should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

DATED: August 15, 2008         LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Jeffrey L. Fillerup
Attorneys for Specially Appearing Defendant
American Driveline Systems, Inc.

```
 1  Jeffrey L. Fillerup, State Bar No. 120543
    LUCE, FORWARD, HAMILTON & SCRIPPS LLP
 2  Rincon Center II, 121 Spear Street, Suite 200
    San Francisco, California 94105-1582
 3  Telephone No.: 415.356.4600
    Fax No.: 415.356.4610
 4  E-Mail:  jfillerup@luce.com

 5  James A. Goniea, State Bar No. 170849
    201 Gibraltar Road
 6  Horsham, PA  19044
    Telephone No.: 610.668.2900
 7  Fax No.: 610.664.5897
    E-Mail: jgoniea@americandriveline.com
 8
    Attorneys for Specially Appearing Defendant
 9  American Driveline Systems, Inc.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH BENCHARSKY, an individual; KUND, LLC, a California Limited Liability Company; JOSEPH REGO, an individual; REMACH CHAPLET, INC., California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COTTMAN TRANSMISSION SYSTEMS, LLC, a Delaware Limited Liability Company; AMERICAN DRIVELINE SYSTEMS, INC., a Delaware corporation; and DOES 1-50,<br><br>Defendants. | Case No. 08-CV-03402 SI<br><br>**DECLARATION OF TODD P. LEFF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [FRCP 12(b)(2)]**<br><br><br>Date:        October 31, 2008<br>Time:       9:00 a.m.<br>Courtroom: 10 (Judge Illston) |

I, Todd P. Leff, declare as follows:

1. I am the President and Chief Executive Officer of American Driveline Systems, Inc. ("ADS"). I have personal knowledge of the facts set forth in this declaration and, if called upon, could provided testimony concerning these facts.

upon, could provide competent testimony concerning these facts.

2. ADS is a Delaware Company with its principal place of business at 201 Gibraltar Road, Horsham, Pennsylvania 19044. ADS is a holding company, and one of its subsidiaries owns some of the shares of Cottman Transmission Systems, LLC ("Cottman"). ADS does not directly own stock in, nor is it the parent company of, Cottman. ADS owns an intermediary company which, in turn, owns shares in Cottman. A subsidiary of this intermediary company owns the remainder of Cottman. Thus, at most, ADS can be said to be an indirect grandparent and great-grandparent company of defendant Cottman. Cottman and ADS are distinct and separate legal entities. Cottman has distinct employees who are not employees of ADS. Cottman and ADS have separate assets and bank accounts. Cottman was and is adequately capitalized for its business activities.

3. While Cottman entered into the License Agreements at issue with Joseph Bencharsky and Joseph Rego, ADS is not a party to those agreements. Furthermore, ADS has no contractual relationship with either Mr. Bencharsky or Mr. Rego. ADS has never entered into a contract with either Mr. Bencharsky or Mr. Rego. ADS has never had a business relationship with either Mr. Bencharsky or Mr. Rego.

4. ADS does not conduct business in California and it does not avail itself of the laws and protections of the State of California. ADS does not have any offices or employees in California and ADS employees have never traveled to California to conduct business on behalf of ADS. ADS does not own any property in California. ADS is not registered to conduct business in California and does not conduct, and has never conducted, business in California. ADS has never sued anyone in California and has never been sued in California, until the Marin County suit was filed in the present case. ADS does not have an agent for service of process in California. ADS does not pay any California taxes. ADS does not advertise or sell goods or services in California. In summary, ADS has no contacts at all with California.

1  I declare under penalty of perjury under the laws of the State of California that the above is
2  true and correct. Executed this 14TH day of August, 2008 at Horsham, Pennsylvania.

_____
Todd P. Leff