IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BENCHARSKY, *et al.*, | No. C 08-03402 SI |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| COTTMAN TRANSMISSION SYSTEMS, LLC; AMERICAN DRIVELINE SYSTEMS, INC.; and DOES 1-50, | |
| Defendants. / | |

Now before the Court is plaintiffs' motion seeking leave to file a motion for the Court to reconsider its order compelling arbitration. On December 29, 2008, this Court granted defendants' motion to compel arbitration of plaintiffs' complaint and granted defendant American Driveline Systems, Inc.'s motion to dismiss without prejudice. [Docket No. 42] Plaintiffs state three grounds for their motion for reconsideration: (1) new facts exist because defendant Cottman refuses to arbitrate in California and initiated an arbitration demand against plaintiffs Joseph Rego and Remach Chaplet, Inc. in Pennsylvania on December 31, 2008; (2) the Court considered the central purpose of the licensing agreement as a whole, rather than the central purpose of the arbitration provision alone; and (3) the Court should not have ruled on the fee shifting clause in the arbitration provision.[1]

---

[1] Defendants contend that plaintiffs may not seek reconsideration of the December 29 Order under Civil Local Rule 7-9. Defendants argue that the December 29 Order was an appealable order, but Local Rule 7-9 applies only to interlocutory orders. The Court agrees that by its terms, Rule 7-9 applies only to interlocutory orders. *See* Civ. Loc. R. 7-9(a) ("any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge"). In addition, orders compelling arbitration are appealable. *Sanford v. Memberworks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007). It does not necessarily follow, however, that an order compelling arbitration is not also an interlocutory order. *See* Wright & Miller, *Federal*

The Court finds that reconsideration is not warranted in this case. First, the only issue regarding arbitration that was before the Court in its December 29 Order was whether the claims raised in plaintiffs' complaint must be decided by an arbitrator. The Court found that they must. The Court did not consider whether other arbitration actions initiated by defendants against plaintiffs are lawful.

Second, even if plaintiffs are correct that the "central purpose" question refers to the arbitration clause alone and not the entire contract, that would not change the Court's determination that the unconscionable clauses were severable. As articulated in the December 29 Order, the Court found minimal procedural unconscionability and determined that only three clauses in the lengthy arbitration provision were substantively unconscionable. *See* Dec. 29 Order at *9-13. Accordingly, unconscionability did not permeate the arbitration provision and the unconscionable clauses were severable.

Third, the Court did not reach the issue of how fees should be apportioned. It merely held that on the record before it, the Court could not conclude, as plaintiffs urged, that the fee splitting clause was unconscionable.

Accordingly, plaintiff's motion is DENIED.

The Court notes that papers submitted by plaintiffs in support of their motion suggest that the parties dispute the scope of the Court's December 29, 2008 Order. *See* Decl. of Robert S. Boulter, ex. A. By way of clarification, the Court's December 29, 2008 Order held that if plaintiffs wish to continue litigating the action that was originally filed in Marin County Superior Court and removed to this Court, they must submit to arbitration and the arbitration must proceed in the Northern District of California.

**IT IS SO ORDERED.**

Dated: February 10, 2009

SUSAN ILLSTON
United States District Judge

---

*Practice and Procedure* § 2651 n.6 (listing examples of appealable interlocutory orders). Since plaintiffs have in fact filed a notice of appeal, this order issues simply to complete the record.

2